■ James R. Hutcheson et al., Respondents, v Grace Lutheran School et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the Grace Lutheran School to reinstate the petitioners' son, the appeal is from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated May 17, 1985, which granted the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the application is denied, and the petition is dismissed.

The appellant Grace Lutheran School is a private denominational elementary school in Malverne, New York. The petitioners are the parents of a child who was enrolled during kindergarten and expelled, while in the first grade, on April 3, 1985, because of alleged "continuous behavioral problems" that "progressively worsened". The parents commenced this proceeding to compel the reinstatement of their child. After an expedited hearing, Special Term granted the parents relief and directed that the student be reinstated on the ground that the school's decision was arbitrary and did not have a rational basis.

In a proceeding pursuant to CPLR article 78, the court's power is limited to a determination as to whether there was a rational basis in the exercise of the school's discretion, or whether the action to expel was arbitrary and capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Kramer v Kinney, 87 AD2d 870). Further, private schools are afforded broad discretion in conducting their programs, including decisions involving the discipline, suspension and expulsion of their students (Matter of Carr v St. John's Univ., 17 AD2d 632, 634, affd 12 NY2d 802; Goldstein v New York Univ., 76 App Div 80). When a private school expels a student "based on facts within its knowledge that justify the exercise of discretion", then a court may not review this decision and substitute its own judgment (Matter of Carr v St. John's Univ., supra, at 634).

We find that there were ample reasons in the record,

including repetitive behavioral problems, that justified the exercise of the school's discretion to expel the petitioners' son in this case. Also, the school substantially complied with its own code of behavior which provided for imposition of graduated sanctions, starting with a warning and leading to suspension, and for expulsion if there was "no marked improvement" after imposition of these lesser sanctions. The fact that the parents were offered, and declined, a chance to defer the expulsion if the child received psychological testing, did not introduce a new condition without fair notice, since under the circumstances here the school was entitled to expel the child without offering any further chance.

Nor do we find any merit to the idea that the school could, in effect, be estopped from expelling the child because it had sporadically previously given the parents some favorable reports of his behavior, especially since the parents had thereafter received numerous complaints concerning the child's troublesome behavior, including the twice-imposed sanction of suspension. Moreover, Special Term's conclusion that the expulsion was arbitrary in that it endangered the pupil's education, failed to appreciate the viable alternative of a public school education and placed the pupil's interests over the welfare of the other students and the reasonable functioning of this private school.

In granting the petition, Special Term substituted its own judgment for that of the school. We find that the school's decision to expel was not arbitrary or capricious, and had a rational basis, and, accordingly, the judgment directing reinstatement should be reversed. Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.