In the Matter of Mu Chapter of Delta Kappa Epsilon, by Its Treasurer, Matthew J. Swett, et al., Appellants, v Colgate University, Respondent.

Third Department, January 30, 1992

12

## APPEARANCES OF COUNSEL

*Harter, Secrest & Emery (John F. Mahon* and *Jeffrey P. Stone* of counsel), for appellants.

*Hughes Hubbard & Reed (George A. Davidson, Carla A. Kerr* and *Philip A. Rayhill* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, J.

Petitioner Mu of Delta Kappa Epsilon Alumni Corporation (hereinafter the Alumni Corporation) is a not-for-profit corporation which, as owner of real property in Madison County, provided dormitory housing and social space to members of petitioner Mu Chapter of Delta Kappa Epsilon (hereinafter the fraternity), an unincorporated association, or fraternity, comprised of respondent's students during the 1988-1989 academic year. The Alumni Corporation leased to the fraternity a fraternity house and premises known as the fraternity's "Temple" or "Chapel".

On April 4, 1989 the "Temple" was burglarized and ledgers containing details of the fraternity's activities were stolen. Excerpts from these ledgers were published in respondent's student newspapers and mailed to several of respondent's officials. As a consequence of student misbehavior revealed by these ledgers, respondent's president suspended the fraternity's activities pending an investigation by respondent's dean.

Thereafter, a committee headed by the dean questioned approximately three dozen fraternity members and, by letter dated June 1989, advised the Alumni Corporation that it found that the fraternity had violated respondent's antihazing policy as well as the terms of a 1985 fraternity suspension and had committed other infractions. The Alumni Corporation's president met with the dean on July 14, 1989 but presented no evidence controverting the preliminary findings. On July 17, 1989 respondent informed the Alumni Corporation that

the fraternity house would be closed for the 1989-1990 academic year and would be on probation until February 1991, thereby foreclosing the pledging of new members or sponsoring or cosponsoring any social events.

The Alumni Corporation appealed to respondent's president requesting that the findings be reversed. While the president rescinded the finding that the fraternity violated the terms of its 1985 suspension and modified the penalty imposed by allowing two fraternity members to live in the fraternity house for security purposes, as well as giving the fraternity permission to meet once to plan housing arrangements for the fall 1990 term and allowing the dean to rescind the fraternity's probation and rush members of the upper three classes if, in the dean's opinion, the fraternity house reopened in the fall of 1990, he otherwise found that the committee's investigation was fair and thorough.

Petitioners initiated this CPLR article 78 proceeding seeking to annul respondent's initial decision to suspend the fraternity and the penalties imposed and to expunge from respondent's records all reference to the suspension and penalties. Respondent moved pursuant to CPLR 7804 (f) to dismiss the petition. Petitioners cross-moved to depose various employees of respondent and to discover enumerated documents. Supreme Court granted the motion dismissing the petition and denied the cross motion for disclosure. This appeal by petitioners ensued.

■■ We affirm. Initially, we note that, contrary to respondent's position, this proceeding is not moot because, although the sanctions imposed on the fraternity may have, by their terms, expired, petitioners still seek and may be aggrieved by the denial of an expungement of the suspension record (see, Matter of Underwood v Board of Educ., 117 AD2d 897, 898).

■ As to the merits, the cases cited by petitioners, such as Dixon v Alabama State Bd. of Educ. (294 F2d 150, cert denied 368 US 930) and Matter of Mary M. v Clark (100 AD2d 41), for the proposition that they should have been afforded the full panoply of due process guarantees, are distinguishable from the situation presented herein because they involve State-affiliated schools to which the 14th Amendment of the US Constitution applies. "[S]tudents at private universities [as herein] cannot invoke such rights unless they meet the threshold requirement of showing that the State somehow involved itself in what would otherwise be deemed private activity"

*(Matter of Beilis v Albany Med. Coll. of Union Univ.,* 136 AD2d 42, 44). Consequently, as there has been no showing of State involvement here, our inquiry is limited to whether respondent substantially complied with its published guidelines or rules regarding procedures in a disciplinary proceeding *(see, Tedeschi v Wagner Coll.,* 49 NY2d 652, 660).

Respondent's student handbook provides that the dean of students may initiate a proceeding before a judicial board where there is a violation of respondent's codes or regulations. After the student is given notice of the charges and the grounds upon which they are based, a hearing is held. The student may present evidence and question witnesses. If the decision is adverse, the student may appeal the decision to respondent's president.

In this case the initial investigation of the fraternity was performed at the president's direction and centered on determining what, if any, violations of respondent's regulations took place at the fraternity. The Alumni Corporation was given two opportunities to come forward with evidence concerning preliminary findings of fraternity misconduct. It chose not to respond. After the findings were made permanent and sanctions imposed, petitioners were given the opportunity to appeal to the president. The president, after hearing petitioners' evidence, dismissed one of the findings and modified the sanctions, all as previously noted. This procedure approximated that extended to each of respondent's students and we find, accordingly, that respondent substantially adhered to its own published guidelines *(see, Tedeschi v Wagner Coll., supra).* Pursuant thereto, and discovering ample support for respondent's decision in the record, we find nothing arbitrary nor capricious in the determination.

Levine, Mercure, Crew III and Casey, JJ., concur.

Ordered that the judgment is affirmed, without costs.