CHRIS SWEENEY, Appellant, v COLUMBIA UNIVERSITY et al., Respondents, et al., Defendants. [704 NYS2d 617] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated November 13, 1998, which granted that branch of the motion of the defendants Columbia University, Columbia University School of General Studies, Trustees of Columbia University, Columbia University School of General Studies Premedical Committee, and Vincent R. Renzi, which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

The plaintiff, a former student in the "premedical post-baccalaureate" program of the defendant Columbia University School of General Studies (hereinafter SGS), brought this action, *inter alia,* to recover damages for breach of contract based upon the alleged failure of the premedical committee of the SGS to properly support his application to medical school. We agree with the Supreme Court that the complaint failed to state a cause of action.

The relationship between a university and a student is contractual in nature (*see, Prusack v State of New York,* 117 AD2d 729, 730). "The rights and obligations of the parties, as contained in the university's bulletins [become] a part of the parties' contract" (*Prusack v State of New York, supra,* at 730; *see also, Vought v Teachers Coll.,* 127 AD2d 654, 655). Here, the bulletin stated that the premedical committee reserved the right to withhold support from an application to medical school "at its discretion". A court will not interfere with a university's exercise of discretion unless it is arbitrary or irrational (*see, Matter of Olsson v Board of Higher Educ.,* 49 NY2d 408, 413-414). There was no showing that the premedical committee's refusal to support the plaintiff's application to medical school was arbitrary or irrational.

The plaintiff's remaining contentions are without merit. Thompson, J. P., S. Miller, Florio and Schmidt, JJ., concur.