■ LAURA R. CAVANAGH et al., Respondents, v CATHEDRAL PREPARATORY SEMINARY et al., Appellants. [725 NYS2d 889] —In an action, *inter alia*, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (I. Aronin, J.), dated June 28, 2000, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs assert various causes of action arising out of the infant plaintiff's suspension from the defendant Cathedral Preparatory Seminary (hereinafter Cathedral) for disciplinary reasons unrelated to academic matters. The Supreme Court

denied the defendants' motion to dismiss the complaint pursuant to CPLR 3211(a) (1) and (7).

Judicial review of the actions of a private school in disciplinary matters is limited (*see, Tedeschi v Wagner Coll.,* 49 NY2d 652; *Hutcheson v Grace Lutheran School,* 132 AD2d 599). The suspension of a student may be reviewed to determine whether the school acted arbitrarily or whether it substantially complied with its own rules and regulations (*see, Tedeschi v Wagner Coll., supra; Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.,* 260 AD2d 992; *Melvin v Union Coll.,* 195 AD2d 447; *Hutcheson v Grace Lutheran School, supra*). While the plaintiffs allege that Cathedral did not comply with its student handbook, they failed to identify any provision of the handbook, or any other rule or regulation, with which Cathedral did not comply (*compare, Tedeschi v Wagner Coll., supra*). Further, although they allege that the infant plaintiff was not afforded due process, a private school student is not entitled to the full panoply of due process rights unless a threshold showing of State involvement is made (*see, Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst., supra,* at 994; *Matter of Mu Ch. v Colgate Univ.,* 176 AD2d 11, 13). Consequently, the Supreme Court should have dismissed the plaintiffs' first through fifth and seventh causes of action challenging the infant plaintiff's suspension.

Further, the sixth cause of action, which seeks to recover damages for defamation, should also have been dismissed (*see, Chicherchia v Cleary,* 207 AD2d 855). Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.