■ WILLIAM R. JONES, Appellant, v TRUSTEES OF UNION COLLEGE, Respondent, et al., Defendants. [937 NYS2d 475]—

Malone Jr., J.

As limited by his brief, plaintiff contends that Supreme Court erred in finding that the amended complaint failed to state a cause of action for breach of contract. In the context of a motion to dismiss for failure to state a cause of action, "court[s] must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). Here, plaintiff alleges that a contract exists between plaintiff and the College pursuant to which plaintiff agreed to pay tuition in exchange for the College's provision of educational services. Plaintiff alleges that he performed under the contract by paying tuition and the contract was breached by the College when he was expelled.

When a student is admitted to an academic institution, an implied contract arises between the institution and the student "such that 'if [the student] complies with the terms prescribed by the [institution], he [or she] will obtain the degree which he [or she] sought' " (*Matter of Olsson v Board of Higher Educ. of City of N.Y.*, 49 NY2d 408, 414 [1980], quoting *Matter of Carr v St. John's Univ., N.Y.*, 17 AD2d 632, 633 [1962], *affd* 12 NY2d 802 [1962]; *see Sweeney v Columbia Univ.*, 270 AD2d 335, 336 [2000]). However, when a disciplinary dispute arises between

the student and the institution, judicial review of the institution's actions is limited "to whether the [institution] acted arbitrarily or whether it substantially complied with its own rules and regulations" (*Cavanagh v Cathedral Preparatory Seminary*, 284 AD2d 360, 361 [2001]; *see Maas v Cornell Univ.*, 94 NY2d 87 [1999]; *Tedeschi v Wagner Coll.*, 49 NY2d 652 [1980]). Thus, under the circumstances here, Supreme Court properly determined that plaintiff's failure to identify the specific terms of the implied contract that he claims were violated by the College—such as an internal rule, regulation or code—is fatal to his claim (*see Cavanagh v Cathedral Preparatory Seminary*, 284 AD2d at 361; *compare Tedeschi v Wagner College, supra*).

Mercure, A.P.J., Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.