■ In the Matter of IRINA KHAYKIN, as Mother and Natural Guardian of MORIEL KHAYKIN, an Infant, Appellant, v ADELPHI ACADEMY OF BROOKLYN, Respondent. [1 NYS3d 356]—

In a proceeding pursuant to CPLR article 78 to review two determinations of Adelphi Academy of Brooklyn, dated November 30, 2012, and December 12, 2012, respectively, suspending and expelling the petitioner's infant son, respectively, for acts of academic dishonesty, the petitioner appeals from a judgment of the Supreme Court, Kings County (Martin, J.), dated June 10, 2013, which denied the amended petition, dismissed the proceeding, and awarded judgment in favor of Adelphi Academy of Brooklyn and against her on its counterclaim to recover unpaid tuition and fees.

Ordered that the judgment is affirmed, with costs.

The petitioner's infant son (hereinafter the infant) was a student at Adelphi Academy of Brooklyn (hereinafter Adelphi), a private college-preparatory school, until Adelphi suspended him, and subsequently expelled him, for acts of academic dishonesty. The petitioner commenced this proceeding pursuant to CPLR article 78, seeking to annul the disciplinary determinations, expunge them from the infant's record, and reinstate the infant as a student at Adelphi. In an amended petition, the petitioner further sought, pursuant to CPLR 7806, a return of tuition already paid for the subject school year. Adelphi asserted a counterclaim to recover unpaid tuition and fees for the school

year, including recoupment of a financial aid award. The Supreme Court denied the amended petition, dismissed the proceeding, and awarded judgment in favor of Adelphi and against the petitioner on Adelphi's counterclaim.

"[P]rivate schools are afforded broad discretion in conducting their programs, including decisions involving the discipline, suspension and expulsion of their students" (*Hutcheson v Grace Lutheran School*, 132 AD2d 599, 599 [1987]). Judicial review of the actions of a private school in disciplinary matters is limited to a determination as to whether the school acted arbitrarily and capriciously or whether it substantially complied with its own rules and regulations (*see Tedeschi v Wagner Coll.*, 49 NY2d 652, 658-660 [1980]; *Cavanagh v Cathedral Preparatory Seminary*, 284 AD2d 360, 361 [2001]; *Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.*, 260 AD2d 992, 993 [1999]; *Hutcheson v Grace Lutheran School*, 132 AD2d at 599).

Here, Adelphi substantially complied with its own rules and regulations as set forth in its Code of Ethics in suspending and expelling the infant for acts of academic dishonesty. Adelphi was not required to hold hearings before its Disciplinary Committee before imposing discipline, and the petitioner's further challenges to the procedures taken are likewise without merit. Further, the determinations that the infant had committed acts of academic dishonesty which warranted suspension and expulsion were not arbitrary and capricious. "When a private school expels a student 'based on facts within its knowledge that justify the exercise of discretion', then a court may not review this decision and substitute its own judgment" (*Hutcheson v Grace Lutheran School*, 132 AD2d at 599, quoting *Matter of Carr v St. John's Univ., N.Y.*, 17 AD2d 632, 634 [1962], *affd* 12 NY2d 802 [1962]). Accordingly, the Supreme Court properly denied those branches of the amended petition which were to annul the disciplinary determinations, expunge them from the infant's record, and reinstate the infant as a student at Adelphi.

Moreover, pursuant to an enrollment contract entered into by the petitioner and Adelphi, the petitioner was not entitled to a refund or cancellation of tuition and fees for the full academic year. Pursuant to a financial aid application submitted to Adelphi by the petitioner, the infant's failure to adhere to Adelphi's academic policies entitled Adelphi to recoup the financial aid award. Accordingly, the Supreme Court properly denied that branch of the amended petition which was for a return of tuition already paid for the subject school year, and properly awarded judgment in favor of Adelphi on its counterclaim to recover unpaid tuition and fees for the school year, including recoupment of the financial aid award.

Adelphi's remaining contention is without merit. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.