================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 29
In the Matter of Katie Kickertz,
          Respondent,
        v.
New York University,
          Appellant.




          Ira M. Feinberg, for appellant.
          Bryan Arbeit, for respondent.






MEMORANDUM:

          The judgment appealed from and the order of the

Appellate Division brought up for review should be modified,

without costs, by vacating that portion of the order granting the

petition and remitting to Supreme Court for further proceedings

in accordance with this opinion and, as so modified, affirmed.

Based on a determination of academic misconduct, New York University (NYU or the University) expelled Katie Kickertz (Kickertz) from its College of Dentistry without possibility of readmission.  In this CPLR article 78 proceeding, petitioner Kickertz sought a judgment directing respondent NYU to reinstate her as a student, grant her the degree of Doctor of Dental Surgery and award attorneys' fees.  The University now appeals as of right, pursuant to CPLR 5601 (d), from Supreme Court's judgment granting Kickertz's petition.  In so doing, NYU brings up for review the Appellate Division's prior nonfinal order which, with two Justices dissenting in part, reversed and vacated Supreme Court's earlier judgment dismissing Kickertz's petition pursuant to CPLR 3211 (30 Misc 3d 1220[A] [Sup Ct, NY County 2011]); and reinstated and granted the petition (99 AD3d 502 [1st Dept 2012]).

The principal issue raised by this appeal is whether the Appellate Division erred by failing to remand to Supreme Court to permit NYU to file an answer pursuant to CPLR 7804 (f). That provision specifies that where a respondent moves to dismiss a CPLR article 78 petition and the motion is denied, "the court <u>shall</u> permit the respondent to answer, upon such terms as may be just" (emphasis added).  We have indicated, however, that a court need not do so if the "<u>facts are so fully presented</u> in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to

require an answer" (<u>Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County</u>, 63 NY2d 100, 102 [1984] [emphasis added]).  Since "the motion papers" in <u>BOCES</u> "clearly did not establish that there were no triable issues of fact," we held that "the procedure dictated by CPLR 7804 (subd [f]) should have been followed" (<u>id.</u> at 104).  For the same reason, NYU should be permitted to answer in this case.

A student subject to disciplinary action at a private educational institution is not entitled to the "full panoply of due process rights" (<u>Matter of Ebert v Yeshiva Univ.</u>, 28 AD3d 315, 315 [1st Dept 2006]).  Such an institution need only ensure that its published rules are "substantially observed" (<u>Tedeschi v Wagner Coll.</u>, 49 NY2d 652, 660 [1980]).  And here, triable issues of fact exist with regard to whether NYU substantially complied with its established disciplinary procedures.  Because of our disposition of this appeal, we do not reach and express no opinion about the propriety of the penalty imposed or any other issue raised by the parties and decided by the courts below.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Judgment appealed from and order of the Appellate Division brought up for review modified, without costs, by vacating that portion of the Appellate Division order granting the petition and remitting to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.  Chief Judge Lippman and Judges Read, Pigott, Rivera, Stein and Fahey concur.  Judge Abdus-Salaam took no part.

Decided April 2, 2015