(September 1, 2015)

■ In the Matter of Drug Policy Alliance, Respondent, v New York City Tax Commission et al., Appellants. [15 NYS3d 784]—

Order and judgment (one paper), Supreme Court, New York County (Paul Wooten, J.), entered December 30, 2013, which denied respondents' motion to dismiss the petition and granted the petition to annul respondent New York City Department of Finance's determination, dated October 20, 2011, denying petitioner's application for a real property tax exemption pursuant to Real Property Tax Law § 420-a, and directed the Department of Finance to grant petitioner a tax exemption, unanimously modified, on the law, to vacate the grant of the petition and remand the matter to Supreme Court for further proceedings consistent with this decision, and otherwise affirmed, without costs.

Petitioner, a not-for-profit association, was denied tax-exempt status for its headquarters located on West 33rd Street in New York County. It commenced a CPLR article 78 proceeding, arguing that the determination was arbitrary and capricious and that given the nature of its focus, its free speech, equal protection, and due process rights were violated. Respondents moved pre-answer to dismiss the petition pursuant to CPLR 3211 (a) (7) on the ground that petitioner does not qualify for a real estate tax exemption and therefore has no cause of action. There was discussion at oral argument before Supreme Court about converting the motion to one for summary judgment pursuant to CPLR 3211 (c); respondents' attorney indicated that her motion would be "the same" under the summary judgment standard. However, petitioner's attorney indicated that opposi-

tion to the motion had been readied and had addressed procedural issues in particular. It is unclear from this record whether petitioner's opposition papers were permitted to be filed and whether they were actually considered by the court, given the court's failure to "recite the papers used on the motion" (CPLR 2219 [a]).

The court never converted the motion to one for summary judgment, as is made clear by its decretal paragraph citing to CPLR 3211 (a) (7) and its statement in the body of its decision that it was accepting all of the petition's allegations as true, as a court must when examining the sufficiency of the pleadings. The court correctly denied respondents' motion to dismiss the petition, given that the factual allegations regarding educational, charitable and moral and mental improvement purposes had to be accepted as true. However, the court erred when it went on to resolve the petition on its merits, in effect granting petitioner summary judgment by directing the Department of Finance to grant petitioner the real estate tax exemption pursuant to RPTL 420-a (1) (a) without first either complying with CPLR 3211 (c) or requiring respondents to file an answer.

As we have been recently reminded by the Court of Appeals, when a respondent moves to dismiss a CPLR article 78 petition and the motion is denied, "the court *shall* permit the respondent to answer, upon such terms as may be just" (*Matter of Kickertz v New York Univ.*, 25 NY3d 942, 944 [2015]). Of course, when the "facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists," the court may dispense with the requirement (*id.* [internal quotation marks and emphasis omitted]). Notwithstanding that the record here is arguably substantial, and respondents' concession in Supreme Court that their motion would be the same whether viewed as a pre-answer motion to dismiss or one for summary judgment, the parties were not given "adequate notice" that the court would indeed treat the motion as one for summary judgment (CPLR 3211 [c]). Also, it is unclear if petitioner's opposition to the motion to dismiss was filed and considered and therefore whether it is properly part of the record on appeal. In its written decision, the court expressly declined to address petitioner's due process claims. Thus, we cannot discern whether petitioner was permitted to oppose respondent's motion in a manner that allowed it to preserve the procedural issues it referenced at oral argument before Supreme Court.

Upon remand, respondents should be permitted to file their answer, petitioner afforded an opportunity to raise its proce-

dural arguments, and the matter determined upon a complete record, with the papers considered properly enumerated. Concur—Gonzalez, P.J., Acosta, Moskowitz and Feinman, JJ.