■ In the Matter of Christopher T. VanHouten, Petitioner, v Mount St. Mary College et al., Respondents. [28 NYS3d 433]—

Proceeding pursuant to CPLR article 78 to review a determi-

nation of Kevin Mackin, the President of Mount Saint Mary College, dated October 29, 2013, confirming a determination of Kelly Yough, the Dean of Student Affairs, dated October 24, 2013, made after a student conduct hearing, expelling the petitioner from Mount Saint Mary College.

Adjudged that the determination dated October 29, 2013 is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner was a student at Mount Saint Mary College (hereinafter the College), a private college located in Orange County. In the fall semester of 2013, Kelly Yough, the Dean of Student Affairs at the College, received several complaints from faculty members regarding the petitioner's disruptive classroom behavior. Yough, along with other College administrators, devised certain strategies to help the petitioner control his classroom behavior. These strategies were communicated to the petitioner by letter dated September 19, 2013.

On October 3, 2013, the College received an additional written complaint from a professor about the petitioner's disruptive classroom behavior and failure to adhere to the implemented strategies. Pursuant to the College's Student Code of Conduct, a student conduct conference was held where the petitioner was informed of the allegations of misconduct, including the identity of the complainants, and the date, time, and details of the complaints. As a result of the conference, Yough scheduled a student conduct hearing to determine whether the petitioner violated the Student Code of Conduct. The petitioner was notified of this hearing by letter informing him of the sections of the Student Code of Conduct that were allegedly violated, and that an incident report file was available for his review prior to the hearing. On October 23, 2013, the petitioner appeared at the student conduct hearing, and the hearing panel found the petitioner in violation of two sections of the Student Code of Conduct and recommended the sanction of expulsion from the College. In a letter dated October 24, 2013, Yough informed the petitioner that she was imposing the recommended sanction of expulsion. The petitioner appealed this decision to Kevin Mackin, the President of the College, who confirmed the hearing panel's decision and sanction on October 29, 2013.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination expelling him from the College. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

The Supreme Court erred in transferring the proceeding to

this Court pursuant to CPLR 7804 (g), since the determination to be reviewed was not made after a hearing held pursuant to direction of law at which evidence was taken (*see* CPLR 7803 [4]; *Matter of Cox v Office of Victim Servs.*, 110 AD3d 797, 797 [2013]; *Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.*, 260 AD2d 992, 993 [1999]). Accordingly, the determination is not subject to substantial evidence review. Nevertheless, since the full administrative record is before us, in the interest of judicial economy, we will decide the proceeding on the merits (*see Matter of Cox v Office of Victim Servs.*, 110 AD3d at 797-798; *Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.*, 260 AD2d at 993).

"[P]rivate schools are afforded broad discretion in conducting their programs, including decisions involving the discipline, suspension and expulsion of . . . students" (*Hutcheson v Grace Lutheran School*, 132 AD2d 599, 599 [1987]; *see Cavanagh v Cathedral Preparatory Seminary*, 284 AD2d 360, 361 [2001]). Judicial review of the actions of a private school in disciplinary matters is limited to a determination as to whether the school acted arbitrarily and capriciously, or whether it substantially complied with its own rules and regulations (*see Tedeschi v Wagner Coll.*, 49 NY2d 652, 660 [1980]; *Matter of Khaykin v Adelphi Academy of Brooklyn*, 124 AD3d 781, 782 [2015]).

Here, in response to complaints regarding the petitioner's misconduct, the respondents held a student conduct conference, notified the petitioner of the charges of misconduct, and held a student conduct hearing to address the petitioner's alleged violations of the Student Code of Conduct. Having found him responsible for violating two sections of the Student Code of Conduct, they imposed the sanction of expulsion, which was one of the permissible sanctions therefor. The respondents thereby acted in substantial compliance with the College's Student Code of Conduct, and the petitioner's expulsion was not arbitrary and capricious (*see Tedeschi v Wagner Coll.*, 49 NY2d at 660; *Matter of Khaykin v Adelphi Academy of Brooklyn*, 124 AD3d at 782).

The petitioner's remaining contention is without merit. Mastro, J.P., Chambers, Roman and Barros, JJ., concur.