In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Dean of Students of St. John’s University, dated August 22, 2014, confirming a determination of the University Conduct Board dated July 21, 2014, made after a hearing, suspending the petitioner from attending St. John’s University School of Law for two academic semesters and placing him on disciplinary probation, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Marber, J.), dated October 6, 2014, which, in effect, denied the petition and dismissed the proceeding.
 

 Ordered that the judgment is affirmed, with costs.
 

 In 2014, the petitioner was a law student at St. John’s University (hereinafter the University). Based on a finding of non-academic misconduct, the University suspended the petitioner from its law school for two academic semesters, beginning with the fall 2014 semester, and also placed him on disciplinary probation. Thereafter, the petitioner commenced this CPLR article 78 proceeding to review the University’s determination. The Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
 

 Contrary to the respondents’ contention, the expiration of the petitioner’s period of suspension does not render the petitioner’s appeal academic, because the University’s determination still imposes significant enduring consequences upon the petitioner (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]).
 

 "Courts have a ‘restricted role’ in reviewing determinations of colleges and universities” (Matter of Powers v St. John’s Univ. Sch. of Law, 25 NY3d 210, 216 [2015], quoting Maas v Cornell Univ., 94 NY2d 87, 92 [1999]). “A determination will not be disturbed unless a school acts arbitrarily and not in the exercise of its honest discretion, it fails to abide by its own rules or imposes a penalty so excessive that it shocks one’s sense of fairness” (Matter of Powers v St. John’s Univ. Sch. of Law, 25 NY3d at 216 [citation omitted]; see Matter of Harris v Trustees of Columbia Univ. in City of N.Y., 62 NY2d 956, 959 [1984], revg for reasons stated in dissenting op of Kassal, J., 98 AD2d 58, 67-73 [1983]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 234 [1974]).
 

 Moreover, a student subject to disciplinary action at a private university is not entitled to the “ ‘full panoply of due process rights’ ” (Matter of Kickertz v New York Univ., 25 NY3d 942, 944 [2015], quoting Matter of Ebert v Yeshiva Univ., 28 AD3d 315, 315 [2006]). “Such an institution need only ensure that its published rules are ‘substantially observed’ ” (Matter of Kickertz v New York Univ., 25 NY3d at 944, quoting Tedeschi v Wagner Coll., 49 NY2d 652, 660 [1980]).
 

 Contrary to the petitioner’s contention, the Supreme Court properly made a summary determination upon the pleadings, papers, and admissions, as no triable issues of fact were raised (see CPLR 409 [b]; see also CPLR 7804 [h]). Moreover, the University established that it substantially observed the disciplinary procedures set forth in its code of conduct (see Matter of VanHouten v Mount St. Mary Coll., 137 AD3d 1293, 1295 [2016]).
 

 The University acted in the exercise of its honest discretion, and did not act arbitrarily, fail to abide by its own rules, or impose an excessive penalty (see Powers v St. John’s Univ. Sch. of Law, 25 NY3d at 216). Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.
 

 Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.