Matter of Garcia v Dominican Coll. (2018 NY Slip Op 06013)





Matter of Garcia v Dominican Coll.


2018 NY Slip Op 06013


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-04911
2016-04912
 (Index No. 35451/15)

[*1]In the Matter of James Garcia, appellant,
v
Dominican College, respondent.


Stewart Lee Karlin Law Group, P.C., New York, NY (Daniel E. Dugan of counsel),
for appellant.
Biedermann Hoenig Semprevivo, P.C., New York, NY (Philip C. Semprevivo, Jr., and Joseph Kim of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from (1) an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated March 29, 2016, and (2) a judgment of the same court dated April 1, 2016. The order denied the petitioner's motion to supplement the record of the proceeding. The judgment denied the petition, which sought, inter alia, reinstatement of the petitioner as a student in the respondent's doctoral program in physical therapy, and, in effect, dismissed the proceeding.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is affirmed, without costs or disbursements.
The appeal from the intermediate order must be dismissed because an intermediate order made in a CPLR article 78 proceeding is not appealable as of right (see CPLR 5701[b][1]; Matter of Smyles v Board of Trustees of Inc. Vil. of Mineola, 120 AD3d 822), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248; Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 71 AD3d 1040). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The petitioner was enrolled as a student in the respondent college's doctoral program in physical therapy. In the fall of 2015, the petitioner was participating in the second of four clinical rotations, which required, among other regular written assignments, submission of weekly journals and weekly planning forms. His submission of these assignments was not completed in a timely fashion despite repeated written reminders from instructors and the assistant dean of academic affairs of the respondent. The petitioner received a failing grade for the rotation, and, based on his grade for the clinical rotation as well as other aspects of his academic performance, he was dismissed from the doctoral program. He commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, reinstatement in the doctoral program.
Subsequent to the commencement of the proceeding, the petitioner moved to supplement the record with the affidavits of a psychologist and a psychotherapist, each of whom attested that as of February 2016, the petitioner was receiving treatment for bipolar disorder and attention deficit disorder, and that these conditions interfered with his academic performance. The Supreme Court denied the motion, denied the petition, and, in effect, dismissed the proceeding.
"In a proceeding pursuant to CPLR article 78, the court's power is limited to a determination as to whether . . . the action to expel was arbitrary and capricious" (Hutcheson v Grace Lutheran School, 132 AD2d 599, 599; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222). Determinations regarding a student's academic qualifications rest, in most cases, "upon the subjective professional judgment of trained educators" (Matter of Girsky v Touro Coll., Jacob D. Fuchsberg Law Ctr., 210 AD2d 406, 407). "Strong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance" (Matter of Susan M. v New York Law School, 76 NY2d 241, 245; see Matter of Daniel v Brooklyn Law Sch., 153 AD3d 708, 709; Matter of Sage v CUNY Law School, 208 AD2d 751).
In light of the evidence of the petitioner's noncompliance with course requirements which resulted in a failing grade in a clinical rotation, we agree with the Supreme Court's determination that the respondent did not act arbitrarily and capriciously, and had a reasonable basis for its determination dismissing the petitioner from the doctoral program (see Matter of Susan M. v New York Law School, 76 NY2d at 246; Matter of VanHouten v Mount St. Mary Coll., 137 AD3d 1293, 1295; Hutcheson v Grace Lutheran School, 132 AD2d 599).
The petitioner's remaining contentions are without merit.
Thus, we agree with the Supreme Court's denial of the petition and, in effect, dismissal of the proceeding.
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court