Matter of Le Golgotha Lodge, Inc. v Tax Commn. of the City of N.Y. (2021 NY Slip Op 04358)





Matter of Le Golgotha Lodge, Inc. v Tax Commn. of the City of N.Y.


2021 NY Slip Op 04358


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-04234
 (Index No. 10422/15)

[*1]In the Matter of Le Golgotha Lodge, Inc., petitioner-respondent, 
v
Tax Commission of the City of New York, et al., appellants, et al., respondents.


James E. Johnson, Corporation Counsel, New York, NY (Vincent D'Orazio, Andrea M. Chan, and Cyavash N. Ahmadi of counsel), for appellants.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Tax Commission of the City of New York dated May 19, 2015, which, after a hearing, denied the petitioner's application for a property tax exemption pursuant to Real Property Tax Law § 420-a, the Tax Commission of the City of New York and the Commissioner of Finance of the City of New York appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Bernard J. Graham, J.), dated March 21, 2017. The order and judgment, insofar as appealed from, upon an order of the same court dated July 26, 2016, inter alia, in effect, denying the cross motion of the Tax Commission of the City of New York and the Commissioner of Finance of the City of New York pursuant to CPLR 3211(a)(7) and, in effect, CPLR 7804(f) to dismiss the petition insofar as asserted against them, and denying that branch of the separate cross motion of NYCTL 1998-2 Trust and the Bank of New York Mellon which was to vacate the temporary stay of an action entitled NYCTL 2013-A Trust v Le Golgotha Lodge, Inc., pending in the Supreme Court, Kings County, under Index No. 500809/14, failed to vacate the temporary stay and, in effect, granted the petition, annulled the determination, and directed the Tax Commission of the City of New York to grant the petitioner's application for a property tax exemption pursuant to Real Property Tax Law § 420-a.
ORDERED that the appeal from so much of the order and judgment as, upon the order dated July 26, 2016, failed to vacate the temporary stay of the action entitled NYCTL 2013-A Trust v Le Golgotha Lodge, Inc., pending in the Supreme Court, Kings County, under Index No. 500809/14, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order and judgment is reversed insofar as reviewed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the service and filing of an answer within 30 days after the date of this decision and order, and for further proceedings on the petition in accordance herewith.
In September 2014, the petitioner, Le Golgotha Lodge, Inc., applied for a real property tax exemption for its property located on East 94th Street in Brooklyn. The application was denied on October 7, 2014. The petitioner filed an administrative appeal before the Tax Commission of the City of New York (hereinafter the Tax Commission). On May 19, 2015, the Tax Commission, after a hearing, denied the application.
The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 against the Tax Commission and the Commissioner of Finance of the City of New York (hereinafter together the City), naming NYCTL 1998-2 Trust and the Bank of New York Mellon, as collateral agent and custodian for NYCTL 1998-2 Trust (hereinafter together the Trust), as additional respondents. Specifically, the petitioner sought to annul the City's determination dated May 19, 2015, and to direct the City to grant the petitioner's application for a property tax exemption for the subject property. The petitioner also sought to stay a tax lien foreclosure action commenced in the Supreme Court, Kings County, under Index No. 500809/14 (hereinafter the foreclosure action) pending the outcome of this proceeding.
The City cross-moved pursuant to CPLR 3211(a)(7) and, in effect, CPLR 7804(f) to dismiss the petition insofar as asserted against it. The Trust separately cross-moved, inter alia, to vacate the stay of the foreclosure action. In an order dated July 26, 2016, the Supreme Court, in effect, denied both cross motions. Subsequently, in an order and judgment dated March 21, 2017, the court, inter alia, failed to vacate the temporary stay and, in effect, granted the petition, annulled the City's determination, and directed the City to grant the petitioner's application for a property tax exemption pursuant to Real Property Tax Law § 420-a. The City appeals.
In light of this Court's determination in a related appeal from an order dated February 8, 2018 (see Matter of Le Golgotha Lodge, Inc. v Tax Commn. of the City of N.Y., _____ AD3d _____ [Appellate Division Docket No. 2018-04946; decided herewith]), the appeal from so much of the order and judgment as failed to vacate the temporary stay of the foreclosure action must be dismissed as academic.
"On a motion pursuant to CPLR 3211(a)(7) and 7804(f), only the petition is considered, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible inference" (Matter of Curlin v Clove Lane Homeowners Assn., Inc., 153 AD3d 922, 925 [internal quotation marks omitted]). Here, in light of the factual allegations contained in the petition, which must at this juncture be deemed true, the Supreme Court correctly denied the City's cross motion to dismiss the petition insofar as asserted against it (compare Matter of Drug Policy Alliance v New York City Tax Commn., 131 AD3d 815, with Matter of Al-Ber, Inc. v New York City Dept. of Fin., 80 AD3d 760).
However, the Supreme Court erred when it went on to grant the petition on its merits without first either complying with CPLR 3211(c) or requiring the City and the Trust to file answers (see Matter of Drug Policy Alliance v New York City Tax Commn., 131 AD3d at 816; Matter of Mid-Hudson Workshop for the Disabled v City of Poughkeepsie, 245 AD2d 291). Accordingly, the order and judgment must be reversed insofar as reviewed and the matter remitted to the Supreme Court, Kings County, to permit the City and the Trust to file and serve answers.
LASALLE, P.J., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court