Perez v 1790-1792 Third Ave. LLC (2022 NY Slip Op 07011)

Perez v 1790-1792 Third Ave. LLC

2022 NY Slip Op 07011

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Index No. 29976/17E Appeal No. 16838 Case No. 2021-03003 

[*1]Ignacio Perez, Plaintiff,
v
1790-1792 Third Avenue LLC, et al., Defendants. Rock Group NY Corp., Third-Party Plaintiff-Respondent, 

Law Office of Hector M. Roman, PC, Richmond Hill (Hector M. Roman of counsel), for appellant.
Malapero Prisco & Klauber LLP, New York (Brian M. Healy of counsel), for respondent.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered July 16, 2021, which, after a traverse hearing, denied third-party defendant's motion to vacate a default judgment, unanimously affirmed, without costs.
The court providently exercised its discretion in denying the motion to vacate, as third-party defendant failed to provide a reasonable excuse for its default (see CPLR 5015[a][1]; Carroll v Nostra Realty Corp., 54 AD3d 623, 623 [1st Dept 2008], lv dismissed 12 NY3d 792 [2009]). Third-party defendant contends that personal service was not properly effectuated on it because a neighbor was personally served, instead of its designated officer. However, irrespective of whether personal service was properly effectuated by serving the neighbor, and whether she was authorized to accept service on third-party defendant's behalf, service of process on the Secretary of State was effectuated properly pursuant to CPLR 311(a)(1) (see also Business Corporation Law § 306[b][1]). Third-party defendant offered no explanation as to why it failed to respond to the third-party complaint that was served on the Secretary of State (see 60 E. 9th St. Owners Corp. v Zihenni, 111 AD3d 511, 512 [1st Dept 2013]).
Because third-party defendant did not demonstrate a reasonable excuse for its default, it is unnecessary to consider whether it sufficiently demonstrated the existence of a potentially meritorious defense (see Besler v Uzieri, 179 AD3d 628, 628-629 [1st Dept 2020]). In any event, the affidavit of third-party defendant's general manager, submitted in support of its motion, which consisted of conclusory allegations and hearsay statements, is insufficient to establish a potentially meritorious defense.
We have considered third-party defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022