Matter of Jablecki v Board of Mgrs. of Harborview Condominium (2023 NY Slip Op 05365)

Matter of Jablecki v Board of Mgrs. of Harborview Condominium

2023 NY Slip Op 05365

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 152072/23 Appeal No. 882 Case No. 2023-02030 

[*1]In the Matter of Jonathan Jablecki et al., Petitioners-Respondents,
v
Board of Managers of Harborview Condominium, Respondent-Appellant.

The Demarco Law Firm, PLLC, Forest Hills (Enrico DeMarco of counsel), for appellant.
Braverman Greenspun, P.C., New York (Peter T. Salzler of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered April 24, 2023, which, to the extent appealed from as limited by the briefs, granted the petition, in this proceeding brought pursuant to CPLR article 78, seeking to compel respondent condominium board (Board) to notice and hold an election for two Board seats, unanimously affirmed, without costs.
Petitioners properly effected service as directed in the order to show cause, by which they commenced this proceeding. Supreme Court "grant[ed] an order to show cause to be served [] in lieu of a notice of petition at a time and in a manner specified therein," specifically, by overnight mail on the Board's managing agent (CPLR 7804[c]; see CPLR 403[d]). The Board does not contest that petitioners complied with the service provisions of the order (see Matter of Ruine v Hines, 57 AD3d 369, 370 [1st Dept 2008]; accord Matter of Correnti v Suffolk County Dist. Attorney's Off., 34 AD3d 578, 580 [2d Dept 2006]; Matter of Bell v State Univ. of N.Y. at Stony Brook, 185 AD2d 925, 925 [2d Dept 1992]). Further, the Board president's averment that the managing agent had been discharged prior to March 3,2023 is belied by the documentary evidence demonstrating that this change became effective on April 1, 2023, after service was effected. The Board was not entitled to a traverse hearing because there was no "sworn denial" that service as directed by the order to show cause was completed (Wells Fargo Bank, N.A. v Chaplin, 65 AD3d 588, 589 [2d Dept 2009]). Instead, the Board president asserted only that no Board member had been personally served under CPLR 308.
Supreme Court properly granted the petition insofar as it sought to compel the Board to notice and conduct an annual meeting of unit owners to elect Board members (CPLR 7803[1]). The Board does not dispute that it improperly counted votes based on percentage of ownership, contrary to the clear terms of the by-laws, while the record demonstrates that, even assuming the Board properly rejected proxies presented by petitioners, the result was a tie (see Real Property Law § 339-e[8][ii]).
Supreme Court also properly barred two current Board members from running, as the by-laws require that the majority of the three-person Board be owner-occupants. The non-owner employee of the LLC owning two community units does not qualify under the plain meaning of the by-laws (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]; W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). The record also shows that a separate entity operated a day care in both units, while the Board represented in the proxy it provided to unit owners that its incumbent members represented the day care. As such, Supreme Court correctly found that the LLC owner of the community units does not occupy them. The Board president's part ownership of the day care, which does not own the units, is irrelevant.
Contrary to the Board's contention[*2], Supreme Court was not required to hold a trial to determine whether the LLC owning the community units also occupied them, since the Board president's attestations in his affidavit as to the company's occupancy of the units to conduct unspecified business were conclusory (CPLR 7804[h]; see Chrysler E. Bldg., L.L.C. v Keenwawa, Inc., 217 AD3d 494, 495 [1st Dept 2023]; Perez v 1790-1792 Third Ave. LLC, 211 AD3d 492, 493 [1st Dept 2022]; Beauvoir v Samuel, 204 AD3d 741, 742 [2d Dept 2022], quoting JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385 [2005]; compare Matter of Kickertz v New York Univ., 25 NY3d 942, 944 [2015]). Moreover, no answer was necessary in light of the denial of the Board's cross-motion to dismiss, since the facts were "so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer" (Matter of Kickertz, 25 NY3d at 944, quoting Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102 [1984]; see CPLR 7804[f]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023