Matter of Pittman v Adelphi Univ. (2025 NY Slip Op 04484)

Matter of Pittman v Adelphi Univ.

2025 NY Slip Op 04484

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-04404
 (Index No. 614906/21)

[*1]In the Matter of Jesse Pittman, appellant, 
v
Adelphi University, etc., respondent.

The Rose Law Group, PLLC, Astoria, NY (Jesse C. Rose of counsel), for appellant.
Cullen and Dykman LLP, Garden City, NY (Jennifer A. McLaughlin and Michael B. Weiss of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of Adelphi University College of Nursing and Public Health dated August 26, 2021, confirming a determination of the Adelphi University Office of Student Conduct and Community Standards dated July 13, 2021, made after a hearing, finding that the petitioner violated the Adelphi University Code of Conduct and the Adelphi University College of Nursing and Public Health Nursing Student Handbook, and dismissing the petitioner from Adelphi University College of Nursing and Public Health, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated April 21, 2022. The order and judgment granted the respondent's motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
In 2021, the petitioner was a nursing student at Adelphi University (hereinafter Adelphi). By two letters, both dated June 8, 2021, the Adelphi Office of Student Conduct and Community Standards (hereinafter OSCCS) notified the petitioner of a joint disciplinary conference of OSCCS and the Adelphi College of Nursing and Public Health (hereinafter CNPH) Academic Standards Committee and alleged that a series of incidents which occurred on April 15, 2021, and May 9, 2021, violated the Adelphi Code of Conduct and the CNPH Student Handbook. On July 13, 2021, OSCCS found the petitioner responsible for the incidents and dismissed him from CNPH. The petitioner appealed that determination to the dean of CNPH, and the determination was confirmed on August 26, 2021.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review Adelphi's determination dismissing the petitioner from CNPH. Prior to answering the petition, Adelphi moved pursuant to CPLR 3211(a)(1) and (7) and 7804(f) to dismiss the petition, submitting the administrative record with its motion, together with affidavits. In an order and judgment dated April 21, 2022, the Supreme Court granted Adelphi's motion to dismiss the petition and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
As a threshold matter, although Adelphi denominated its pre-answer motion as a [*2]motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, Adelphi presented arguments addressed to the merits of so much of the petition as sought to annul Adelphi's determination dismissing the petitioner from CNPH. "Where 'the dispositive facts and the positions of the parties are fully set forth in the record, thereby making it clear that no dispute as to the facts exists and [that] no prejudice will result from the failure to require an answer, the court may reach the merits of the petition'" (Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc., 129 AD3d 885, 887, quoting Matter of Kuzma v City of Buffalo, 45 AD3d 1308, 1311).
"'Courts have a restricted role in reviewing determinations of colleges and universities'" (Matter of Aryeh v St. John's Univ., 154 AD3d 747, 747, quoting Matter of Powers v St. John's Univ. Sch. of Law, 25 NY3d 210, 216). Further, "'[p]rivate schools are afforded broad discretion in conducting their programs, including decisions involving the discipline, suspension and expulsion of their students'" (Matter of Ibe v Pratt Inst., 151 AD3d 725, 726, quoting Hutcheson v Grace Lutheran School, 132 AD2d 599, 599). "'Judicial review of the actions of a private school in disciplinary matters is limited to a determination as to whether the school acted arbitrarily and capriciously, or whether it substantially complied with its own rules and regulations'" (id., quoting Matter of VanHouten v Mount St. Mary Coll., 137 AD3d 1293, 1295). "'A determination will not be disturbed unless a school acts arbitrarily and not in the exercise of its honest discretion, it fails to abide by its own rules or imposes a penalty so excessive that it shocks one's sense of fairness'" (Matter of Aryeh v St. John's Univ., 154 AD3d at 748, quoting Matter of Powers v St. John's Univ. Sch. of Law, 25 NY3d at 216).
Moreover, "a student subject to disciplinary action at a private university is not entitled to the 'full panoply of due process rights'" (id. [internal quotation marks omitted], quoting Matter of Kickertz v New York Univ., 25 NY3d 942, 944). "'Such an institution need only ensure that its published rules are substantially observed'" (id. [internal quotation marks omitted]).
Contrary to the petitioner's contention, the evidence established that Adelphi substantially observed the disciplinary procedures set forth in Adelphi's Code of Conduct (see id.; Matter of VanHouten v Mount St. Mary Coll., 137 AD3d at 1295) and that in the exercise of its honest discretion, it did not act arbitrarily, fail to abide by its own rules, or impose an excessive penalty (see Matter of Powers v St. John's Univ. Sch. of Law, 25 NY3d at 216; Matter of Aryeh v St. John's Univ., 154 AD3d at 748).
The petitioner's remaining contentions either are without merit or have been rendered academic in light of our determination.
Accordingly, the Supreme Court properly granted Adelphi's motion to dismiss the petition and, in effect, denied the petition and dismissed the proceeding.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court