Rubenstein Pub. Relations, Inc. v Fleet Fin. Group, Inc. (2025 NY Slip Op 07235)

Rubenstein Pub. Relations, Inc. v Fleet Fin. Group, Inc.

2025 NY Slip Op 07235

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Index No. 654299/22|Appeal No. 5454|Case No. 2025-00147|

[*1]Rubenstein Public Relations, Inc., Plaintiff-Respondent,
v
Fleet Financial Group, Inc., Defendant-Appellant.

The DeIorio Law Group, PLLC, Rye Brook (Jan A. Marcus of counsel), for appellant.
The Schutzer Group, New York (Eric P. Schutzer of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about December 5, 2024, which denied defendant's motion to vacate the default judgment, unanimously affirmed, without costs.
In this breach of contract action for failure to timely object to and pay invoices, the parties dispute whether plaintiff properly served defendant with the summons and complaint. At the commencement of the action in November 2022, plaintiff served the summons and complaint upon the Secretary of State and mailed the papers to defendant's business address. Defendant failed to appear in the action and the court granted plaintiff's motion for a default judgment. On October 30, 2023, after an inquest, judgment was entered against defendant. One year later, on October 30, 2024, defendant moved to vacate the default judgment and for leave to interpose a late answer with affirmative defenses and counterclaims. Supreme Court properly denied the motion.
Defendant failed to show entitlement to vacatur under CPLR 5015(a)(4). The record includes evidence that plaintiff properly served the summons and complaint on the Secretary of State pursuant to Business Corporation Law § 306, which, itself, constituted service on defendant (see Shanker v 119 E. 30th, Ltd., 63 AD3d 553, 554 [1st Dept 2009]; see also Timoyanis v Zhongmeng [U.S.A.] Co. Ltd., 231 AD3d 605, 606 [1st Dept 2024]). Defendant also failed to show an entitlement to vacatur based on plaintiff's purported failure to satisfy the additional mailing requirement of CPLR 3215 (g)(4)(ii). Plaintiff submitted proof that it executed "additional service of the summons [on the corporation] by first class mail" at the corporation's "last known address," accompanied by a notice that service was effectuated on the Secretary of State pursuant to Business Corporation Law § 306 (see General Ins. v Leandre, 224 AD3d 427, 428 [1st Dept 2024]).
In any event, and as the court correctly found, the affidavit by defendant's president in support of the motion to vacate included only vague and conclusory allegations of defendant's purported defense to plaintiff's claims, and thus did not make the requisite prima facie showing of a meritorious defense under CPLR 3215 (g)(4)(ii), CPLR 317, or CPLR 5015(a)(1) (see Gourvitch v 92nd & 3rd Rest Corp., 146 AD3d 431 [1st Dept 2017]; see also Perez v 1790-1792 Third Ave. LLC, 211 AD3d 492, 492-493 [1st Dept 2022]; NYCTL 1998-2 Trust v Alanis Realty LLC, 176 AD3d 486, 486-487 [1st Dept 2019]).
In light of the foregoing, we need not address whether defendant made the showing that the default was excusable.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025