■ In the Matter of JOANNE WALLACE, Appellant, v ENVIRON-MENTAL CONTROL BOARD OF THE CITY OF NEW YORK (DEPT. OF CONSUMER AFFAIRS), Respondent. [778 NYS2d 477]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 17, 1999, which denied petitioner's application to annul respondent Environmental Control Board's determination that petitioner was guilty of vending records without a license in violation of Administrative Code of City of New York § 20-453, and of vending from a table more than eight feet in length in violation of Administrative Code § 20-465 (b), unanimously affirmed, without costs.

Petitioner's argument that the determination is not supported by substantial evidence is improperly raised for the first time on appeal, and we decline to consider it. So too is her argument that she is entitled to a new hearing because the unavailability of the hearing transcripts makes review of her claim impossible. Indeed, in the latter regard, petitioner took the opposite position before the IAS court, arguing that it could decide her CPLR

article 78 notwithstanding respondent's loss of the tape recording of the hearing and resulting inability to produce transcripts thereof. This position was consistent with the absence of any claims of lack of substantial evidence. Rather, petitioner claimed that she was effectively prevented from challenging the issuing officer's credibility, and his testimony should therefore have been rejected as a matter of law, because he acknowledged that all pertinent facts were contained in his partner's memo book, and neither the partner nor his memo book were produced at the hearing. Meaningful review of that claim is allowed by the available record, namely, the Administrative Law Judge's (ALJ) detailed decision summarizing the testimony and arguments of the parties, which petitioner does not challenge as inaccurate. The decision shows that the ALJ credited the issuing officer's testimony that petitioner was displaying records on a table approximately 12 feet long in a manner that showed the illustrated covers and the identities of the artists, indicating that the records were for sale and not, as petitioner claims, temporarily piled on the table while she was unloading books from her van. Petitioner, who was represented by counsel, had a full opportunity to cross-examine the officer and otherwise challenge his testimony based on an unaided recollection of personal observations, and respondent was under no legal obligation to produce any memo books. Nothing precluded petitioner from requesting an adjournment to secure the attendance of the issuing officer's partner, or a subpoena for his memo book. Concur—Buckley, P.J., Lerner, Friedman, Marlow and Sweeny, JJ.