■ In the Matter of VICTOR RESTO, Petitioner, v STATE OF NEW YORK, DEPARTMENT OF MOTOR VEHICLES, Respondent. [22 NYS3d 584]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated November 26, 2013, which confirmed a decision of the New York State Department of Motor Vehicles Driver Improvement Bureau dated September 6, 2013, denying the petitioner's application for a driver license.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the New York State Department of Motor Vehicles to grant the petitioner's application for a driver license.

In March 2007, the Justice Court of the Village of Haverstraw ordered that the petitioner's driver license be revoked for a period of at least six months. Over a year later, in July 2008, the petitioner applied for and obtained a new driver license from the New York State Department of Motor Vehicles (hereinafter the DMV). In 2009, the petitioner applied to renew his driver license, disclosing on his application form that he had previously had his license "suspended, revoked, or cancelled." The petitioner's 2009 application to renew his license was also granted by the DMV. It is undisputed that at the time the DMV issued the petitioner a new license in 2008, and renewed his license in 2009, it was unaware that the Justice Court had ordered revocation of the petitioner's driver license in 2007. The Justice Court did not notify the DMV that it had ordered revocation of the petitioner's driver license until January 2013. When the petitioner subsequently applied for a new driver license in July 2013, the DMV Driver Improvement Bureau denied the application, and that decision was confirmed by the DMV's Administrative Appeals Board in a determination dated November 26, 2013. The petitioner commenced this CPLR article 78 proceeding to review the determination of the

Administrative Appeals Board, which was transferred to this Court by the Supreme Court pursuant to CPLR 7804 (g).

The Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g) since the determination to be reviewed was not made "after a hearing held pursuant to direction of law at which evidence was taken" (*Matter of Naranjo v Commissioner of Dept. of Motor Vehs., State of N.Y.,* 116 AD3d 859, 860 [2014]; *see* CPLR 7803 [4]; *Matter of Holcomb v Williams,* 72 AD3d 687, 687-688 [2010]). Nevertheless, in the interest of judicial economy, we will decide the proceeding on the merits (*see Matter of Naranjo v Commissioner of Dept. of Motor Vehs., State of N.Y.,* 116 AD3d at 860).

Pursuant to CPLR 7803 (3), the standard of review in this CPLR article 78 proceeding is whether the determination under review was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see Matter of Kasckarow v Board of Examiners of Sex Offenders of State of N.Y.,* 106 AD3d 915 [2013], *affd* 25 NY3d 1039 [2015]; *Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv.,* 94 AD3d 1006, 1007 [2012]). " 'An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts' " (*Matter of Naranjo v Commissioner of Dept. of Motor Vehs., State of N.Y.,* 116 AD3d at 861, quoting *Matter of Peckham v Calogero,* 12 NY3d 424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 230 [1974]).

Under the unique circumstances of this case, including the Justice Court's nearly six-year delay in reporting that it had ordered the revocation of the petitioner's driver license to the DMV, we find that the determination of the Administrative Appeals Board, confirming the decision of the Driver Improvement Bureau to deny the petitioner's application for a new driver license, was arbitrary and capricious. We therefore grant the petition, annul the determination, and remit the matter to the DMV to grant the petitioner's application for a driver license. Dillon, J.P., Austin, Roman and Barros, JJ., concur.