◼ In the Matter of PAMELA LOCKLEY et al., Petitioners, v HOUSING PRESERVATION AND DEVELOPMENT OF NEW YORK CITY et al., Respondents. [37 NYS3d 588]—

Proceeding pursuant to CPLR article 78 to review (a) a determination of the New York City Department of Housing Preservation and Development dated May 22, 2012, which, after a hearing, granted the application of the respondent Linden Plaza Preservation for a certificate authorizing it to commence a proceeding to evict the petitioner Pamela Lockley from her apartment, and (b) a determination of the New York City Department of Housing Preservation and Development dated May 29, 2012, which, after a hearing, granted the application of the respondent Linden Plaza Preservation for a certificate authorizing it to commence a proceeding to evict the petitioner Lavonda Jones from her apartment.

Adjudged that the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Under New York City Department of Housing Preservation and Development (hereinafter HPD) rules, a housing company participating in the Mitchell-Lama housing program (*see* Private Housing Finance Law § 10 *et seq.*) is prohibited from initiating an eviction proceeding based upon a holdover or a breach of the terms of the lease "without the issuance of a certificate of eviction by HPD following an administrative hearing by an HPD designated hearing officer" (28 RCNY 3-18 [a]; *see Wong v Gouverneur Gardens Hous. Corp.*, 308 AD2d 301, 304 [2003]). "To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (*Matter of Rabinovich v Commissioner of Dept. of Hous. Preserv. & Dev. of City of N.Y.*, 107 AD3d 1002, 1002 [2013] [internal quotation marks omitted]; *see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-181 [1978]; *Matter of Delgrande v Greenville Fire Dist.*, 132 AD3d 987 [2015]).

Here, substantial evidence was adduced at the respective administrative hearings to support HPD's determinations that the petitioners breached the terms of their respective leases by failing to comply with the request of the respondent Linden Plaza Preservation (hereinafter the landlord) for certain recertification documents which the landlord was obligated to collect in order to comply with governmental requirements. Therefore, the landlord was entitled to certificates authorizing it to commence an eviction proceeding against each of the petitioners (*see generally* 28 RCNY 3-18 [a]; *Matter of Rabinovich v Commissioner of Dept. of Hous. Preserv. & Dev. of City of N.Y.*, 107 AD3d at 1002).

The petitioners' remaining contentions are either not properly before this Court, as they were not raised at the administrative level (*see Matter of Peckham v Calogero*, 12 NY3d 424, 430 [2009]; *Matter of Calenzo v Shah*, 112 AD3d 709, 712 [2013]; *Matter of Moro v Mills*, 70 AD3d 1269, 1269-1270 [2010]), or without merit. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.