■ In the Matter of SHERRY SCOTT, Petitioner, v VILLAGE OF NYACK HOUSING AUTHORITY et al., Respondents. [47 NYS3d 118]—

Proceeding pursuant to CPLR article 78 to review a determination of the Village of Nyack Housing Authority dated April 7, 2014, which upheld the imposition of a charge of $8.25 upon the petitioner to remedy a clogged drain condition in her apartment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner, a tenant in an apartment unit owned by the Village of Nyack Housing Authority (hereinafter the VNHA), commenced this CPLR article 78 proceeding to review a determination of the VNHA upholding the imposition of a charge of $8.25 against her for services performed in clearing a clogged bathtub drain in her apartment. The petitioner's lease specifically provided that the cost to repair a condition attribut-

able to a tenant's action or neglect would be borne by the tenant. After a grievance meeting, the VNHA determined that the petitioner was responsible for the drain clearing charge at issue in this proceeding. Following the commencement of the proceeding, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

The Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g) since the determination to be reviewed was not made after a hearing held pursuant to direction of law at which evidence was taken (*see* CPLR 7803 [4]; *Matter of VanHouten v Mount St. Mary Coll.*, 137 AD3d 1293, 1294-1295 [2016]; *Matter of Holcomb v Williams*, 72 AD3d 687, 687-688 [2010]). Accordingly, the determination is not subject to substantial evidence review. Nevertheless, since the full administrative record is before us, in the interest of judicial economy, we will decide the proceeding on the merits (*see Matter of VanHouten v Mount St. Mary Coll.*, 137 AD3d at 1295).

The applicable standard of review in this proceeding is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Resto v State of N.Y., Dept. of Motor Vehs.*, 135 AD3d 772, 773 [2016]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see Matter of Resto v State of N.Y., Dept. of Motor Vehs.*, 135 AD3d at 773). Here, contrary to the petitioner's contention, the record establishes that the VNHA's determination that the clogged drain was caused by the petitioner, who had exclusive occupancy and control of the apartment, was not arbitrary and capricious.

Similarly unavailing is the petitioner's complaint that the VNHA's executive director, who testified in support of the imposition of the charge, was also a member of the grievance committee that rendered the determination upholding the charge. The text of the challenged determination, although drafted by the executive director, clearly recited that it was the decision of the VNHA's grievance committee, of which the executive director is not a member.

The petitioner's remaining contentions either are not properly before this Court, as she did not advance them at the administrative level (*see Matter of Peckham v Calogero*, 12 NY3d at 430; *Matter of Lockley v Housing Preserv. & Dev. of N.Y. City*, 142 AD3d 1075 [2016]; *Matter of Williams v New York City Hous. Auth.*, 130 AD3d 433, 434 [2015]; *Matter of*

*Rowe v Rhea*, 101 AD3d 420, 421 [2012]; *Matter of Wallace v Environmental Control Bd. of City of N.Y. [Dept. of Consumer Affairs]*, 8 AD3d 78, 78 [2004]), or without merit. Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.