Matter of Pastor v Partnership for Children's Rights (2018 NY Slip Op 01925)





Matter of Pastor v Partnership for Children's Rights


2018 NY Slip Op 01925


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-12291
 (Index No. 14925/12)

[*1]In the Matter of Elizabeth Pastor, petitioner,
v Partnership for Children's Rights, respondent.


Elizabeth Pastor, Brooklyn, NY, petitioner pro se.
Jackson Lewis P.C., White Plains, NY (Michael A. Frankel of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 and CPLR article 78 to review a determination of the New York State Division of Human Rights dated June 26, 2012, dismissing the petitioner's administrative complaint upon a finding of no probable cause to believe that Partnership for Children's Rights unlawfully discriminated or retaliated against the petitioner.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
In July 2009, the petitioner filed a complaint with the New York State Division of Human Rights (hereinafter the DHR) against her former employer, Partnership for Children's Rights (hereinafter the respondent), alleging that the respondent unlawfully discriminated and retaliated against her. In a determination dated June 26, 2012, the DHR dismissed the administrative complaint, finding no probable cause to believe that the respondent unlawfully discriminated or retaliated against the petitioner. The petitioner then commenced this proceeding pursuant to Executive Law § 298 and CPLR article 78 to review the DHR's determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
The Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804(g), since the determination to be reviewed was not made after a hearing held pursuant to direction of law at which evidence was taken (see CPLR 7803[4]; Matter of Scott v Village of Nyack Hous. Auth., 147 AD3d 957, 958; Matter of VanHouten v Mount St. Mary Coll., 137 AD3d 1293, 1294-1295). Accordingly, the determination is not subject to substantial evidence review. Nevertheless, since the full administrative record is before us, in the interest of judicial economy, we will decide the proceeding on the merits (see Matter of Scott v Village of Nyack Hous. Auth., 147 AD3d at 958; Matter of VanHouten v Mount St. Mary Coll., 137 AD3d at 1295).
"Where, as here, the DHR renders a determination of no probable cause without holding a hearing, the appropriate standard of review is whether the probable cause determination was arbitrary and capricious or lacking a rational basis" (Matter of Sahni v Foster, 145 AD3d 733, 734). "The [DHR's] determination is entitled to considerable deference due to its expertise in evaluating discrimination claims'" (Matter of Steinberg-Fisher v North Shore Towers Apts., Inc., [*2]149 AD3d 848, 850, quoting Matter of Camp v New York State Div. of Human Rights, 300 AD2d 481, 482). Here, the DHR's determination that there was no probable cause was not arbitrary and capricious or lacking a rational basis in the record (see Matter of Sahni v Foster, 145 AD3d at 734; Matter of Walker v NYS Div. of Human Rights, 129 AD3d 980).
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court