Matter of Sonders v New York State Dept. of Motor Vehs. Traffic Violations Bur. (2020 NY Slip Op 04443)





Matter of Sonders v New York State Dept. of Motor Vehs. Traffic Violations Bur.


2020 NY Slip Op 04443


Decided on August 6, 2020


Appellate Division, First Department


Manzanet-Daniels, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 6, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, Sallie Manzanet-Daniels, Barbara R. Kapnick, Anil C. Singh, Lizbeth González, Justices.


101378/19 11769 

[*1]In re Kenneth Sonders, Petitioner-Appellant,
v
New York State Department of Motor Vehicles Traffic Violations Bureau, Respondent-Respondent.



Petitioner appeals from the judgment (denominated an order) of the Supreme Court, New York County (Carol R. Edmead, J.), entered September 30, 2019, denying the petition to stay the enforcement of a one-year revocation of petitioner's license by respondent, and dismissing the proceeding brought pursuant to CPLR article 78.




Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for appellant.
Letitia James, Attorney General, New York (David Lawrence, III and Steven C. Wu of counsel), for respondent.



MANZANET-DANIELS, J.


We hold that the revocation of petitioner's driver's license by respondent DMV, based on a 24-year-old default conviction was, under the circumstances, arbitrary and capricious.
Petitioner was issued four summonses in October of 1994 for driving violations including driving without insurance. When entering the violations into the DMV database, a DMV employee entered petitioner's surname as "Sanders," rather than "Sonders," which DMV acknowledges was a "possible data-entry error." Petitioner claims to the best of his knowledge and memory never to have been issued the summonses in question. A default judgment was entered against petitioner as a result of his failure to contest the tickets. The conviction for driving without insurance carried a mandatory penalty of a one-year license revocation (see Vehicle and Traffic Law § 318[3][a]-[b]). On or about August 6, 2019, petitioner renewed his New York State driver's license in person at the DMV. At that time, he obtained a copy of his driving record abstract, which indicated that his license status was "valid."
Thereafter, petitioner received suspension notices, dated August 7, 2019, stating that his license had been suspended on February 3, 1995; and a revocation order dated August 7, 2019 stating that owing to the February 3, 1995 conviction his license would be revoked for one year in accordance with section 318 of the Vehicle and Traffic Law. Petitioner claims that this is the first notice he received of the summonses.
Petitioner paid the outstanding fines and in September 2019 commenced an article 78 proceeding challenging the license revocation. Supreme Court denied the petition and dismissed the proceeding. This appeal followed.
Our review is limited to whether DMV's determination was arbitrary and capricious, irrational, affected by an error of law or an abuse of discretion (CPLR 7803[3]). An action may be said to be arbitrary if it lacks basis in reason and is taken without regard to the facts (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Scarsdale and Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
The possession of a license to drive is a vested property right. As noted by the Court of Appeals in Matter of Wignall v Fletcher (303 NY 435, 441 [1952]), "A license to operate an automobile is of tremendous value to the individual and may not be taken away except by due process."
No such due process was afforded to petitioner, who never received notice of the conviction and was led to believe for over 20 years that his license was in order. Petitioner is "caught in a situation almost worthy of Kafka" as the actions of respondent "produce[] a truly irrational result": DMV is punishing petitioner for its own, admitted errors in never apprising him of the conviction and thereafter affirming that he possessed a valid license (see Hall v New York State Dept. of Motor Vehs., 192 Misc 2d 300, 300-301 [2002]).
Similar actions by DMV were found to be arbitrary and capricious in a case involving a six-year delay. In Matter of Resto v State of N.Y. Dept of Motor Vehs. (135 AD3d 772 [2d Dept 2016]), the village justice court did not communicate to DMV that it had ordered revocation of the petitioner's license until six years after the fact, at which time his application to renew his license was denied, although his previous license renewals had been granted. The Second Department held that under the circumstances of the case, including the justice court's six-year delay in reporting to DMV that it had ordered the revocation of the petitioner's driver's license to respondent, the revocation of the license was arbitrary and capricious (id.).
Imposition of the required penalty 24 years after the fact, which DMV admits was attributable to a potential data-entry error, while continuing to renew petitioner's license without apprising him of any problem, is the quintessence of an arbitrary and capricious action.
Accordingly, the judgment (denominated an order) of the Supreme Court, New York County (Carol R. Edmead, J.), entered September 30, 2019, denying the petition to stay the enforcement of a one-year revocation of petitioner's license by respondent, and dismissing the proceeding brought pursuant to CPLR article 78, should be reversed, without costs, the petition granted and the determination annulled, and the matter remitted to respondent for further proceedings in accordance with this opinion.
All concur.
Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered September 30, 2019, reversed, without costs, the petition granted and the determination annulled, and the matter remitted to respondent for further proceedings in accordance with this opinion.
Opinion by Manzanet-Daniels, J. All concur.
Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 6, 2020
CLERK