# Matter of Windermere Props. LLC v City of New York

### 2023 NY Slip Op 34545(U)

### December 21, 2023

### Supreme Court, New York County

### Docket Number: Index No. 161016/2022

### Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. NANCY M. BANNON</u>      PART      42

*Justice*

-------------------------------------------------------------------------------X

In the Matter of the Application of

WINDERMERE PROPERTIES LLC,

           Petitioner,

For a Judgment Pursuant to CPLR article 78

       - v –

CITY OF NEW YORK, NEW YORK CITY OFFICE OF
ADMINISTRATIVE TRIALS AND HEARINGS, THE CITY OF
NEW YORK ENVIRONMENTAL CONTROL BOARD,
DEPARTMENT OF SANITATION OF NEW YORK, NYC
DEPARTMENT OF BUILDINGS

       Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161016/2022 |
| MOTION DATE | 05/10/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26

were read on this motion to/for      <u>ARTICLE 78 (BODY OR OFFICER)</u> .

## I.      INTRODUCTION

In this proceeding pursuant to CPLR article 78, petitioner Windermere Properties LLC appeals the determinations of respondent New York City Office of Administrative Trials and Hearings (OATH) denying his motions to vacate default judgments. The petition seeks an order annulling and vacating the determinations and directing OATH to grant new hearings or, in the alternative, reduce the petitioner's default penalties. The respondents answer the petition and submit the administrative record. The petition is denied.

## II.      BACKGROUND

The following facts are undisputed except where indicated. Between 2010 and 2016, the petitioner received numerous summonses from various city agencies – the Department of Buildings, the Department of Health and Mental Hygiene and the Department of Sanitation - for violations relating to dangerous and hazardous conditions on its properties at 400-406 West 57th

**161016/2022 WINDERMERE PROPERTIES LLC vs. CITY OF NEW YORK ET AL**
Motion No. 001

**Page 1 of 5**

Street in Manhattan. Some of those summonses at issue in the present proceeding. The petitioner failed to appear at scheduled hearings on most of the summonses. After the petitioner failed to appear, OATH issued default judgments and imposed default penalties on the summonses. In late 2018, the New York City Marshal levied the petitioner's bank account for the default penalties, which were paid in full. No administrative appeal was filed.

In December 2020, more than a year after the default judgments and while some summonses remained undecided, the petitioner began filing in excess of 40 motions with OATH to vacate the default judgments, arguing as an excuse that it had experienced "exceptional circumstances" including law office failure and medical issues of counsel who failed to appear at the hearings. After the petitioner filed the first tranche of motions and after receiving a decision on one of the motions, a denial, he filed several more motions. However, the petitioner conceded in some of these motion forms that although he filed prior motions upon learning of the many defaults in 2018, he "did not file additional motions as it appeared that such motions would be similarly denied given that the basis for the motions is the same." He vaguely claimed, without support, that he subsequently learned that "motions filed by unrelated entities based on very similar facts have been granted," which prompted him to then file the additional motions.

After OATH granted five of the motions and denied the rest, the petitioner commenced a CPLR article 78 proceedings in this court on March 3, 2022, challenging the denials. See Windermere Prop. LLC v City of New York, 2023 NY Slip Op 30337[U], Index No. 151908/2022 (Sup Ct, NY County [Bluth, J.], February 2, 2023). That petition referenced all of the motions, including the then pending Subject Motions, on which OATH had not yet issued determinations, as well as summonses that had not yet been adjudicated. The petitioner sought from the court an order annulling or vacating the denials based on two grounds - (1) OATH was barred from denying its motions because it had previously granted similar default motions in regard to its own defaults and those by other building owners [and granted a new hearing date], and that (2) the default penalties were excessive fines in violation of the Excessive Fines Clause of the Eighth Amendment of the U.S. Constitution.[1]

---

[1] The petitioner alleges that the original summons totaled $18,900.00 (if paid promptly) and with default penalties totaled $110,073.92, and that $200,00.00 was levied by the City Marshal. The petitioner does not provide any proof of the levy.

**161016/2022   WINDERMERE PROPERTIES LLC vs. CITY OF NEW YORK ET AL**                    **Page 2 of 5**
  **Motion No.  001**

2 of 5

[* 2]

For purposes of clarity, and the large number of motions that the petitioner bundled, the respondents in that proceeding classified the numerus underlying summonses into groups. The summonses underlying the Subject Motions were designated "Group E." On August 24, 2022, while that prior petition was still pending, OATH denied the Subject Motions as it did the prior motions. OATH provided as its sole reason for denial that "[t]he summons was paid in full. Payment in full is considered an admission and waiver of a hearing." The petitioner claims that it received notice of these denials on September 14, 2022. On December 23, 2022, the petitioner commenced the instant Article 78 proceeding regarding the Subject Motions.

On January 23, 2023, the petitioner, in its memorandum of law in further support of its first petition, noted that it had commenced a second Article 78 proceeding and claimed to "withdraw[] that portion of this [first] proceeding regarding the Group E summonses." In the reply affirmation here, the petitioner maintains that it "withdrew those claims regarding the [Group E summonses] and the underlying [Subject Motions]." The petitioner filed no notice of discontinuance, motion, or stipulation of discontinuance in the first proceeding.

By an order dated February 3, 2023, the court (Bluth, J.) denied the petitioner's petition in its entirety. The court ruled (1) that OATH acted rationally in denying the petitioner's motions for vacatur of default judgments on the basis that the petitioner had failed to provide adequate details to demonstrate exceptional circumstances warranting vacatur, and (2) that the default penalties did not violate the Eighth Amendment.

Now, in the instant proceeding, the petitioner asserts the same two grounds and arguments in regard to the Subject Motions as were made and rejected in the first proceeding. It also now argues that, because the New York City Marshal collected the penalties against the petitioner by levying the petitioner's bank account, such that the petitioner did not *voluntarily* pay them, OATH was factually incorrect in claiming that the petitioner paid the penalties in full. Thus, the petitioner argues, OATH relied upon erroneous facts in denying the petitioner's motions and therefore acted arbitrarily and capriciously. See CPLR 7803(3).

### III.    DISCUSSION

Where, as here, an administrative determination is made, and there is no requirement of a trial-type hearing, that determination must be confirmed unless it is arbitrary and capricious,

**161016/2022   WINDERMERE PROPERTIES LLC vs. CITY OF NEW YORK ET AL**               **Page 3 of 5**
  **Motion No.  001**

3 of 5

affected by an error of law, or made in violation of lawful procedure.  See CPLR 7803(3); Matter of Resto v State of N.Y., Dept. of Motor Vehs., 135 AD3d 772 (2nd Dept. 2016);  Matter of McClave v Port Auth. of N.Y. & N.J., 134 AD3d 435, 435 (1st Dept 2015).  A determination is arbitrary and capricious where is not rationally based, or has no support in the record (see Matter of Gorelik v New York City Dept. of Bldgs., 128 AD3d 624 [1st Dept. 2015]), or where the decision-making agency fails to consider all of the factors it is required by statute to consider and weigh.  See Matter of Kaufman v Incorporated Vil. of Kings Point, 52 AD3d 604 (2nd Dept. 2008).  The court must give deference to an agency's interpretation of the statutes, rules, and regulations governing its own operations.  See Matter of Terrace Ct., LLC v New York State Div. of Hous. & Comm. Renewal, 18 NY3d 446 (2012); Matter of 60 E. 12th St. Tenants' Assn. v New York State Div. of Housing & Comm. Renewal, 134 AD3d 586 (1st Dept. 2015).


The instant petition is barred by res judicata, as the claims asserted are the same as those that were or should have been litigated in the previous CPLR article 78 proceeding.  See Buechel v Bain, supra. The doctrine of res judicata prohibits a party from re-litigating any claim which could have been, or which should have been litigated in a prior proceeding.  See Buechel v Bain, 275 AD2d 65 (1st Dept. 2001); Klein v Barrios-Paoli, 237 AD2d 165 (1st Dept. 1997). That is, "[u]nder res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action."  Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 (1999); see Matter of Reilly v Reid, 45 NY2d 24 (1978).  As a general rule, New York applies a "transactional approach" to analyzing the doctrine of res judicata, so that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." O'Brien v Syracuse, supra at 357 (1981).

The petitioner filed this petition against the same respondents as in the first proceeding and makes the same arguments, and one new one. The court's decision in the first proceeding was a "valid final judgment" as to the Subject Motions, despite the petitioner's belief that it had withdrawn so much of the prior petition as concerned the Subject Motions.  Parker v Blauvelt Volunteer Fire Co., supra; see Matter of Reilly v Reid, supra.  The petitioner's attempt to withdraw its claims was ineffective.  See CPLR 3217(a), (b); Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC, 134 AD3d 683 (2nd Dept. 2015).  Justice Bluth's decision was therefore dispositive as to the Subject Motions.  Even if Justice Bluth's determination was not dispositive of the then pending Subject Motions to Vacate, res judicata would still bar this

**161016/2022   WINDERMERE PROPERTIES LLC vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 4 of 5

4 of 5

[* 4]

petition since it concerns summons and motions that arise from the same "transaction or series of transactions" as those that were adjudicated in the first proceeding. See O'Brien v Syracuse, supra; Matter of Reilly v Reid, supra at 29. Therefore, as to the second and third causes of action here, there is an identity of parties, finality of judgment, and identity of claims, and the claims are clearly barred. The first cause of action is also barred, as the petitioner should have litigated it in the previous petition. Here, the petitioner claims that OATH acted arbitrarily and capriciously in relying on erroneous factual evidence in rendering its determination by finding that the penalties were paid. It is true that Justice Bluth did not rule on the merits of this claim, as it was not raised in the first proceeding. However, res judicata "encompasses the law of merger and bar—it precludes the relitigation of all claims falling within the scope of the judgment, regardless of whether or not those claims were in fact litigated." Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 (2018) (internal quotation marks omitted). As such, "claim preclusion may foreclose litigation of a matter that never has been litigated, because of a determination that it *should* have been advanced in an earlier suit." Id. at 73 (internal quotation marks omitted) (emphasis added). Here, the petitioner could and should have raised this claim in the first proceeding.

The court has considered and rejected the petitioner's remaining contentions.

## IV.    CONCLUSION

Accordingly, upon the foregoing papers, it is

ORDERED and ADJUDGED that the petition is denied in its entirety, and it is further

ORDERED that the Clerk of the court shall enter judgment accordingly.

This constitutes the Decision, Order, and Judgment of the court.

_____
NANCY M. BANNON, J.S.C.
**HON. NANCY M. BANNON**

**12/21/2023**
**DATE**

CHECK ONE:

| | | | | | |
|---|---|---|---|---|---|
| | X | CASE DISPOSED | | | NON-FINAL DISPOSITION |
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |

**161016/2022   WINDERMERE PROPERTIES LLC vs. CITY OF NEW YORK ET AL**          **Page 5 of 5**
**Motion No.  001**

5 of 5

[* 5]